## O'BRIEN v. OBEL.

### (Supreme Court, Appellate Term. February 23, 1905.)

1. SHERIFFS—FEES—RECOVERY AFTER EXPIRATION OF TERM OF OFFICE.

Laws 1890, p. 936, c. 523, § 17, subd. 2, as amended by Laws 1892, p. 868, c. 418, provides that the sheriff of the county of New York shall receive certain fees for levying a warrant of attachment, and poundage where the warrant is vacated; section 3 provides that he shall pay sums collected by him to the treasurer of the city and county; by section 5, on the comptroller's approval of the account the sheriff is to be paid his portion of the fees; and by section 7 his bond is to be conditioned for the faithful performance of his duties "during his continuance in office,"

and for an accounting for sums received by him "by virtue of his office." *Held*, that a sheriff, after expiration of his term of office, may sue for fees and poundage in an attachment concluded during his term.

2. SAME—POUNDAGE IN ATTACHMENT—NECESSITY OF ORDER OF COURT.

Laws 1890, p. 936, c. 523, § 17, subd. 2, as amended by Laws 1892, p. 868, c. 418, provides that when a warrant of attachment is set aside the sheriff shall be entitled to poundage on the value of the property attached, and such additional compensation for his trouble and expenses in taking possession and preserving the property as the judge, in issuing the warrant, allows. *Held*, that a sheriff is entitled to his poundage without an order of court.

3. SAME—AMOUNT OF POUNDAGE.

Laws 1890, p. 936, c. 523, § 17, subd. 2, as amended by Laws 1892, p. 868, c. 418, provides that, where a warrant of attachment is set aside, the sheriff shall be entitled to poundage on the value of the property attached; and section 7, relative to fees, provides that a sheriff shall receive for collecting money by virtue of an execution a warrant of attachment, or an attachment for the payment of money, 5 per cent. on the first $1,000 collected, etc. *Held*, that the poundage of a sheriff in attachment is governed by section 7.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by William J. O'Brien, individually and as late sheriff of the county of New York, against Peter S. Obel. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before SCOTT, GIEGERICH, and McCALL, JJ.

Robert Kuehnert, for appellant.

Edward C. Moen, for respondent.

GIEGERICH, J. This action is brought by the plaintiff, individually and as late sheriff of the county of New York (his official term having expired with the end of the year 1903), to recover $25, claimed by him as fees for levying upon real property of one Rice under a warrant of attachment obtained by the defendant, Obel, in an action which Obel, as plaintiff, brought against the said Rice. The warrant of attachment was subsequently vacated because of defectiveness and insufficiency of the papers on which it was granted.

The first position taken by the appellant is that, if there be any cause of action, it should be prosecuted by the present sheriff, and not by the plaintiff. By section 1 of chapter 523, p. 936, of the Laws of 1890, the sheriff of the county of New York was paid in part by salary and in part by fees; the salary being for certain services specified, and the fees being for all other services; the provision regarding fees being as follows:

"* * * For all services and duties performed by the said sheriff for which certain fees are allowed as specified and set forth in section seventeen of this act and the various subdivisions thereof, the said sheriff shall be entitled to one-half of such fees to be paid to him as hereinafter provided."

Section 17, as amended by chapter 418, p. 868, of the Laws of 1892, contains the following:

"For all the services hereinafter specified, the sheriff of the city and county of New York shall collect the following fees: * * * (2) For levying a warrant of attachment against the property of the defendant or for exe-

cuting a requisition to replevy one or more chattels, five dollars; * *: * and where the warrant of attachment is vacated, set aside or discharged by order of the court, poundage upon the value of the property attached not exceeding the amount specified in the warrant and such additional compensation for his trouble and expenses in taking possession and preserving the property as the judge issuing the warrant allows, or in a case of a replevin such additional compensation as the court or judge thereof allows, and the judge or court may make an order requiring the party liable therefor to pay the same to the sheriff."

The act further provides, in section 3 thereof, that all sums collected by the sheriff shall be accounted for and paid over monthly by him into the treasury of the city and county; and further, in section 5, that, upon approval of each account by the comptroller, there shall be paid to the sheriff the portion of the fees to which he is entitled.

Under this statute, I think that the same individual, whether still in office or an ex-sheriff, should collect and account for such fees as he is entitled to receive a portion thereof. This is not a case where a matter was left open and uncompleted at the time the plaintiff's term expired, but one that was closed up, and in which his successor had no duty whatever to perform.

Section 7 of the act also has some bearing upon the question under consideration, which section, in making provision for the sheriff's bond, declares that the same shall be "conditioned that he shall well and faithfully in all things perform and execute the duties of the office of sheriff of the said city and county of New York during his continuance in said office without fraud, deceit or oppression, and that he shall in like manner well and faithfully account for all money received by him or his subordinates by virtue of his office." It is noticeable that the condition of this bond is for his faithful performance of the duties during his continuance in office, while the condition as to the receipt of moneys is that he shall account for all sums received by him or by his subordinates by virtue of his office; thus indicating that it was contemplated that sums might be received by him by virtue of his office, although not during his continuance in office. I am of the opinion, therefore, that whatever cause of action there may be is properly prosecuted by and in the name of this sheriff.

The further argument is made in support of the appeal that the poundage claimed in this case is something the sheriff does not become entitled to until it has been allowed him by the judge or court, as provided in subdivision 2 of section 17, above quoted. No authority is cited in support of this construction of the statute, and there is nothing in its language which requires such a construction. On the contrary, it would appear that the "additional compensation," etc., is the only thing which the court or judge is to pass upon, and that poundage, like other compensations based upon a percentage, belong to the sheriff as a matter of right. That the value of the property in this case exceeded $500, and that that was the sum specified in the warrant, is admitted.

The amount sued for and recovered, namely, $25, was allowed, as appears by the record, upon the theory that the amount of poundage is fixed by subdivision 7 of section 17 of the act, which, as amended by chapter 418, p. 868, of the Laws of 1892, reads as follows:

"(7) For collecting money by virtue of an execution, a warrant of attachment or an attachment for the payment of money in an action or special pro-

ceeding; or by virtue of a warrant for the collection of money issued by the comptroller five per centum upon the first one thousand dollars collected; two and one-half per centum on the next nine thousand collected; and one per centum on all sums over and above ten thousand dollars. Where a settlement is made after a levy by virtue of an execution the sheriff is entitled to poundage upon the value of the property levied upon not exceeding the sum at which the settlement is made; and where an execution has been vacated or set aside, the sheriff is entitled to poundage upon the value of the property levied upon not exceeding the amount specified in the execution."

While there is no specific statement that the poundage mentioned shall be at the percentage rates allowed for collecting money, that inference is to be deduced from the subdivision in its entirety. It is also true that subdivision 7 makes express mention of executions, and says nothing about attachments; but this omission is supplied by the language of subdivision 2, which expressly allows poundage where the warrant of attachment is vacated.

The judgment should be affirmed, with costs. All concur.